UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-307-JLS (JCGx)            Date: December 14, 2015
Title: Adel Tawfilis et al. v. Allergan, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                      Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER DENYING DEFENDANT ALLERGAN INC.'S MOTION TO RECONSIDER (Doc. 46)**

Before the Court is Defendant Allergan Inc's motion to reconsider. (Mot., Doc. 46.) Allergan seeks reconsideration of the Court's prior Order, dated October 20, 2015, wherein the Court denied Allergan's motion to dismiss. (Order, Doc. 45.)[1] Plaintiffs Adel Tawfilis and Hamid A. Towhidian oppose the Motion. (Opp., Doc. 52.) Allergan replied. (Reply, Doc. 53.) The Court finds the matter appropriate for disposition without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The Motion was taken under submission on December 10, 2015. (Minute Order, Doc. 54.) For the reasons stated below, the Court DENIES Allergan's Motion.

I. **LEGAL STANDARD**

In federal court, motions for reconsideration are governed by Federal Rules of Civil Procedure 59(e) and 60(b). *See* Fed. R. Civ. P. 59(e) and 60(b). *See generally U.S. for Use & Benefit of Familian Northwest, Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 954 (9th Cir. 1994) (holding that motions to reconsider brought under Rule 59(e) are construed as Rule 60(b) motions); *Askins v. U.S. Dept. of Homeland Sec.*, No. 12-cv-2600-W(BLM), 2014 WL 1600410, at *1 (S.D. Cal. April 17, 2014) (discussing scope and application of Rules 59(e) and 60(b)). A motion for reconsideration "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *America Unites for Kids v. Lyon*, No. CV 15-2124 PA (AJWx), 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015) (citation omitted). As a

---

[1] A detailed factual and procedural background on this case is set forth in the Court's Order, Doc. 45. For the sake of efficiency, the Court incorporates by reference that discussion in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-307-JLS (JCGx)                                    Date:  December 14, 2015
Title:  Adel Tawfilis et al. v. Allergan, Inc.

result, "a motion for reconsideration should not be granted absent highly unusual circumstances," such as where a district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (discussing motions for reconsideration under Rule 59(e)).

In this district, motions for reconsideration are further governed by Local Rule 7-18, which states that such a motion:

> [M]ay be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. R. 7-18.  A motion for reconsideration may not repeat any written or oral argument made in opposition to the original motion.  *See id.*

Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b).  *See, e.g.*, *Hendrix v. Novartis Pharm. Corp.*, No. CV-14-3856-MWF (PLAx), 2014 WL 4090840, at *2 (C.D. Cal. Aug. 19, 2014) ("Likewise, Local Rule 7-18 sets forth these same three narrow grounds as the only basis on which a motion for reconsideration should be granted.").  *See also McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (summarizing four permissible grounds for Rule 59(e) motions: (1) to correct manifest errors of law or fact; (2) to consider newly discovered evidence; (3) to prevent manifest injustice; or (4) as justified by an intervening change in law).

In the context of a motion to reconsider, "clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'"  *Monterey Bay Military Housing, LLC v. Pinnacle Monterey LLC*, No. 14-cv-03953-BLF, 2015 WL 1548833, at *5 (N.D. Cal. Apr. 7, 2015).  However, "[a] district court does not commit clear error warranting reconsideration when the question before it is a debatable one."  *Id.* (citation omitted).  Likewise, a motion to reconsider should not be granted where an error is found to be harmless.  *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.")  *See also, e.g.*, *S.E.C. v. Pattison*, No. C-08-4238 EMC, 2011 WL 2293195, at *2 (N.D. Cal. June 9,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-307-JLS (JCGx)                                                      Date:  December 14, 2015
Title: Adel Tawfilis et al. v. Allergan, Inc.

2011) ("[E]qually important, the error [alleged under Rule 59(e)] must be one that would alter the outcome of the case."); *Williams v. Bridgeport Music, Inc.*, No. LACV 13-06004 JAK (AGRx), 2015 WL 4479500, at *3 (C.D. Cal. July 14, 2015) (considering motion for a new trial under Rule 59 and applying Rule 61's "harmless error" analysis).

## II.  DISCUSSION

Allergan argues reconsideration is warranted because "the Court 'fail[ed] to consider material facts presented to the court before such decision.'"  (Mem. at 1)  However, the substance of Allergan's motion is not that the Court failed to consider a material fact, but that the Court "incorrectly credits" Plaintiffs with certain allegations not included in the FAC, and "confuses" some of Plaintiffs' allegations.  (*Id.* at 1-2.)  Therefore, the Court construes Allergan's motion as asserting that the Court committed a "clear error" of fact in its prior Order. *See 389 Orange St. Partners*, 179 F.3d at 665.

The entirety of Allergan's motion rests on the Court's purported misstatement of facts in its prior Order.  (Mem. at 1.)  Specifically, Allergan takes issue with the following statement by the Court:

> The FAC therefore alleges that, *though Medytox may need a U.S.-based partner to sell Meditoxin within the United States, Medytox does not need such a partner to sell Innotox in the United States because it does not contain human albumin.*

(Order at 16 (emphasis added).)  Allergan contends that the Court's assertion errs in two ways.

As a starting point, Allergan argues that the first clause of the Order's statement – i.e., that Medytox may need a U.S.-based partner to sell Meditoxin in the United States – is incorrect. To this extent, Allergan is correct.  In fact, this portion of the Order is inconsistent with the remainder of the Order, which expressly acknowledges that "[t]he FAC alleges that foreign neurotoxin manufacturers . . . are unable to obtain FDA approval for the sale of those products within the United States."  (Order at 15 (citing FAC ¶ 13).)  Therefore, it is immaterial whether "Medytox may need a U.S.-based partner to sell Meditoxin within the United States" because Meditoxin, as currently manufactured, could never obtain the necessary FDA approvals to permit such sales.  (Order at 16.)  Nevertheless, the Court deems this error to be harmless, as the relevant product at issue is Innotox, not Meditoxin.

Next, Allergan argues that the statement's second clause – i.e., that Medytox does not need a U.S.-based partner to sell Innotox – is expressly contradicted by allegations in the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-307-JLS (JCGx)            Date: December 14, 2015
Title: Adel Tawfilis et al. v. Allergan, Inc.

(Mem. at 1.) The FAC alleges that "[d]ue to various regulations and treaties, medical and other personnel purchasing Botox® or any other injectable neurotoxin for cosmetic use must make these purchases from providers within the United States." (FAC ¶ 17.) Relatedly, the FAC alleges that Innotox is an "injectable neurotoxin." (FAC ¶¶ 32-33.) When considered in tandem, Allergan argues these two allegations assert that "Medytox would need a 'provider[] within the United States' for U.S. doctors to be able to purchase Innotox." (Mem. at 1.) Therefore, Allergan concludes that the Order, which suggests the opposite, is also erroneous on this ground. (Mem. at 1.)

        As to this alleged error, Allergan is only partially correct. While the Court erred in its statement as to *why* Medytox does not require a U.S.-based partner to sell Innotox in the United States, the Court's Order is correct in asserting that "Medytox does not need such a partner to sell Innotox in the United States[.]" (Order at 16.) Medytox does not need a U.S.-based partner because U.S. providers of injectable neurotoxins "may and do have these neurotoxins manufactured abroad at foreign plants" (FAC ¶ 17), and Medytox could, conceivably at least, have created its own U.S.-based sales force. As Plaintiffs point out, this is, in fact, exactly how Allergan operates. (Opp. at 5 ("[T]hat is precisely what Allergan does – manufacturing some or all of its Botox® product abroad in Ireland, yet still selling it in the United States itself through its Allergan U.S. affiliate[.]").)

        **<u>CONCLUSION</u>**

        Because the factual errors do not affect any of the Court's legal conclusions, the Court DENIES Allergan's motion for reconsideration.

                                                                       Initials of Preparer: tg