BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

J. MARK GIDLEY (pro hac vice)
mgidley@whitecase.com
WHITE & CASE LLP
701 13th Street NW
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

JACK E. PACE III (pro hac vice)
jpace@whitecase.com
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

Attorneys for Defendant
ALLERGAN, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ADEL TAWFILIS, DDS d/b/a CARMEL VALLEY CENTER FOR ORAL AND MAXILLOFACIAL SURGERY, and HAMID A. TOWHIDIAN, M.D., individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>ALLERGAN, INC.,<br><br>          Defendant. | Case No. 8:15-cv-00307-JLS (JCGx)<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIALS DESIGNATED HIGHLY CONFIDENTIAL**<br><br>Judge: Hon. Josephine L. Staton<br>Courtroom: 10A |

Pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5, Defendant Allergan, Inc. hereby requests leave to file under seal highly confidential and competitively sensitive documents in support of Defendant's forthcoming Memorandum in Opposition to Plaintiffs' Motion for Partial Judgment on the Pleadings or, in the Alternative, for Partial Summary Judgment or Summary Adjudication.  Plaintiffs do not oppose the relief requested herein.

Allergan's Opposition is due on February 12, 2016, i.e., twenty-one days before the March 4 hearing date designated by Plaintiffs.  *See* L.R. Civ. P. 7-9 (deadline rule for opposition briefs); Pls.' Mot., Doc. No. 66 at 1 (hearing date). Defendant files this Application today with respect to the confidential business records it intends to attach to its February 12 Opposition.

This Court previously ordered the sealing of the Medytox-Allergan License Agreement in connection with the above-referenced motion by Plaintiffs.  Order Granting Defendants' Ex Parte Application, Doc. No. 61 (Jan. 8, 2016).  The additional documents at issue in this Application are internal communications and strategy documents that refer to Allergan's confidential and competitively sensitive information, as described in the accompanying Declaration of Jack E. Pace III (hereinafter, "Decl.").  The confidential information sought to be protected includes:  the specific royalty rates and other consideration negotiated in the Medytox-Allergan License Agreement, competitive forecasts, commercial and strategic plans, assessments of the License Agreement as a potential response to competition in the injectable neurotoxin space, commercial and development timelines, and sensitive information about manufacturing plans, practices, and equipment.  Decl. ¶ 5.

There are compelling reasons for Allergan's request.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, --- F.3d ---, 2016 WL 142440, at *4 (9th Cir. 2016) ("compelling reasons" standard applies when "the motion at issue is more than tangentially related to the underlying cause of action").  Disclosure of this

information would cause commercial injury to Allergan.  Decl. ¶¶ 6–8. Specifically, Allergan's competitors could use this confidential information, if publicly disclosed, to their advantage in product development and in pricing their existing products.  *See id.* ¶¶ 6–7.  Competition in this highly competitive marketplace would be substantially and unfairly altered, all to the detriment of Allergan and its third-party licensor, Medytox.  *See id.* ¶¶ 6–8.

These circumstances warrant sealing.  The commercial information contained in the License Agreement, "which encompasses strategies, techniques, goals and plans, can be the lifeblood of a business . . . . [and] may also be particularly deserving of protection if the disclosing corporation is vulnerable to competitors."  *Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 415–16 (M.D.N.C. 1991).  Where disclosure would harm a firm's competitive standing, sealing is particularly warranted.  Indeed, courts have not allowed "their files to serve as . . . sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting petition for writ of mandamus, and sealing "pricing terms, royalty rates, and guaranteed minimum payment terms" in licensing agreement); *see also, e.g.*, *FTC v. OSF Healthcare Sys.*, Civ. No. 11-50344, 2012 WL 1144620, at *3, 7 (N.D. Ill. Apr. 5, 2012) (sealing competitively sensitive information where public dissemination would create "great economic harm" by "giv[ing] the very business people . . . with whom Coventry negotiates access to Coventry's highly sensitive financial information . . . as well as Coventry's negotiating strategies"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal exhibits "contain[ing] highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

Furthermore, these files are confidential pursuant to Allergan's agreements

with its third party licensor, Medytox. *See* Decl. ¶ 9.  Disclosure of the agreement would nullify the confidentiality rights afforded under the agreement to Allergan and Medytox alike. *See OSF*, 2012 WL 1144620, at *3 (sealing exhibits where "[i]t appears that the information . . . is unknown outside of BCBSIL's business and it employs reasonable efforts to maintain the secrecy of the information in the ordinary course of its business").

For the foregoing reasons, Allergan respectfully requests that the Application be granted.

Respectfully submitted,

Dated:  February 3, 2016

WHITE & CASE LLP
J. Mark Gidley
Jack E. Pace III
Bryan Merryman

By:  */s/ Bryan A. Merryman*
        Bryan A. Merryman

Attorneys for Defendant
ALLERGAN, INC.

APPLICATION FOR LEAVE TO FILE UNDER SEAL
8:15-cv-00307-JLS (JCGx)

3